[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12216

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANGEL MARTINEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00310-TPB-TGW-1

————————————————

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Angel Martinez appeals his sentence for conspiracy to distribute five kilograms or more of cocaine while on board a vessel on the high seas subject to United States jurisdiction, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii). He challenges the procedural and substantive reasonableness of his sentence. The government moves to dismiss the appeal pursuant to the sentence-appeal waiver in Martinez's plea agreement.

In response, Martinez argues that the appeal waiver is unenforceable because his plea colloquy was inadequate "to ensure that he intelligently and voluntarily waived his right to appeal his sentence under most—if not nearly all—circumstances." After review, we conclude that the sentence-appeal waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver

during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Martinez's plea agreement contained the following sentence-appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(emphasis in original).

Martinez initialed each page of the agreement and signed the plea agreement, including the certification that he had read the

entirety of the agreement (or alternatively, that it had been read to him) and that he fully understood its terms.

At the change-of-plea hearing, the magistrate judge confirmed that it was Martinez's initials and signature that appeared throughout the plea agreement, and he asked Martinez whether he "under[stood] each page of the plea agreement."[1] Martinez confirmed that he understood the terms of the agreement, and that he understood the information conveyed to him by the interpreter.[2] After reviewing the charge with Martinez, the elements the government would have to prove if the case went to trial, and confirming the factual basis for the plea, the magistrate judge then reviewed the rights that Martinez would be giving up by pleading guilty. The magistrate judge explained that Martinez faced a mandatory minimum of ten years' imprisonment and a maximum of life imprisonment, and Martinez stated that he understood and that he did not have any questions. The magistrate judge then reviewed the terms of the plea agreement with Martinez. In particular, the magistrate judge asked whether Martinez understood that the agreement limited his ability to appeal his sentence, and that Martinez could

> only appeal if the sentence exceeds the guideline range as determined by the [c]ourt under the guidelines, if the sentence exceeds the statutory maximum penalty, or if the sentence violates the

---

[1] Martinez consented to the magistrate judge taking his plea.

[2] Martinez spoke Spanish and did not understand English.

> Eighth Amendment to the United States Constitution which prohibits excessive fines and cruel and unusual punishment. Those are the only three things about your sentence that you can appeal.

Martinez stated that he understood. The magistrate judge further explained that "what you cannot appeal is the way the [c]ourt calculates the sentencing guidelines," and Martinez stated that he understood. After asking questions to confirm that Martinez's plea was knowing and voluntary, the magistrate judge recommended that the plea be accepted. The district court subsequently accepted the plea, and sentenced Martinez to 151 months' imprisonment.[3]

Martinez's argument that the sentence-appeal waiver is unenforceable because it was not explained to him adequately is refuted by the record. The appeal waiver stated unequivocally that Martinez was waiving his right to appeal his sentence unless (1) the sentence exceeded the applicable guideline range as determined by the district court; (2) the sentence exceeded the statutory maximum; or (3) the ground that the sentence violated the Eighth Amendment. Martinez initialed each page of the plea agreement, including the appeal waiver, signed the agreement, and confirmed during the plea colloquy that he reviewed the agreement and that he understood it. The magistrate judge also orally reviewed the sentence-appeal waiver with Martinez during the plea colloquy and he stated he understood. Thus, the record supports the conclusion

---

[3] Martinez's applicable guideline range was 151 to 188 months' imprisonment.

that the waiver was clearly conveyed to Martinez and that he understood the waiver.

Consequently, the record establishes that Martinez's sentence-appeal waiver was knowingly and voluntarily made and is enforceable. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Martinez's claims concerning the procedural and substantive reasonableness of his sentence do not fall within any of the limited exceptions to the valid sentence-appeal waiver, the waiver forecloses his appeal. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**